UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WEST BEND MUTUAL
INSURANCE COMPANY                                                    PLAINTIFF


v.                                              CIVIL ACTION NO. 3:16-CV-00532-CRS


CARLESS SWAIN

AND

K&Q, INC.
d/b/a LIL' KINGS AND QUEENS
DEVELOPMENT CENTER                                                   DEFENDANTS


**<u>MEMORANDUM OPINION</u>**


    I.    <u>Introduction</u>

This matter is before the Court on two motions. Defendant Carless Swain moves this

Court to dismiss the complaint for declaratory judgment by Plaintiff West Bend Mutual

Insurance Company ("West Bend"), ECF No. 11. West Bend responded, ECF No. 14. Swain

replied, ECF No. 18. Swain has also filed a supplemental pleading in support of her motion to

dismiss, ECF No. 28.

Additionally, West Bend moves this Court for leave to file its first amended complaint,

ECF No. 22. Defendant Carless Swain responded, objecting to the motion, ECF No. 23. West

Bend replied, ECF No. 24. Because these motions include common issues of fact and law, the

Court will address them in the same memorandum opinion and order. For the reasons below, the

Court will grant Swain's motion to dismiss West Bend's declaratory judgment complaint. The Court will deny West Bend's motion for leave to file its first amended complaint.

II.     Background

In this declaratory judgment action, West Bend seeks a declaration that it has no obligation to indemnify Defendant K&Q, Inc. d/b/a Lil' Kings and Queens Development Center ("K&Q, Inc.") in an underlying state court case. Compl. ¶ 30, ECF No. 1. The state court case arose on May 5, 2016 when Swain filed suit against K&Q, Inc. in the Jefferson County, Kentucky Circuit Court. St. Ct. Compl. 1, ECF No. 1-2. Swain then filed an amended complaint adding the Estate of LS as a plaintiff and adding Jacquelin O. Thomas as a defendant. First Am. St. Ct. Compl. 1, ECF No. 11-5. Swain also filed a second amended complaint adding West Bend, Raven Allen, and Sha'Vonda Hicks as defendants. Second Am. St. Ct. Compl. 1, ECF No. 22-3.

In the underlying case, Swain alleges that on April 18, 2016, her two-year-old son, LS, was in the custody of K&Q, Inc., Thomas, Allen, and Hicks (collectively, "State Court Defendants"). Second Am. St. Ct. Compl. ¶ 5, ECF No. 22-3. While under their care, LS was left in a vehicle and died of hyperthermia. *Id.* ¶¶ 9, 11–12. Swain alleges that the State Court Defendants were negligent in caring for LS. *Id.* ¶ 14. West Bend was added as a defendant because it had issued a business owner's liability insurance policy ("the Policy") to K&Q, Inc., which was in effect when LS died. Policy 3, ECF No. 1-1.

West Bend filed suit in this Court on August 18, 2016, seeking a declaratory judgment against Swain and K&Q, Inc. Compl. 1, ECF No. 1. West Bend seeks a declaration "that no insurance coverage is available under the Policy for the claims asserted in the Underlying Litigation" and "that West Bend has no obligation under the Policy to defend or indemnify"

2

K&Q, Inc. *Id.* ¶ 30. West Bend bases its claim on the presence of a specific exclusion in the Policy for "'bodily injury' . . . arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured." Policy 82–84, ECF No. 1-1.

After initiation of the instant action, Swain and the Estate of LS filed a third party complaint for declaratory judgment in the Jefferson Circuit Court against West Bend. Third Party St. Ct. Compl. 1, ECF No. 11-6. This third party complaint seeks a declaratory judgment that West Bend "owes insurance coverage and a duty to indemnify for the actions" of the state court defendants. West Bend moved to dismiss the third party complaint. St. Ct. Order 1, ECF No. 28-1. On March 3, 2017, the Jefferson Circuit Court denied West Bend's motion to dismiss the third party complaint. *Id.*

III.    Discussion

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading only if the Court grants leave to amend or if the opposing party consents. This Court "should freely grant leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend lies within this Court's discretion. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 833 (6th Cir. 1999).

West Bend seeks to add the following defendants to this case: the estate of Defendant Swain's minor child, Jacquelin Thomas, Raven Allen, and Sha'Vonda Hicks. Mot. Amend 3, ECF No. 22. West Bend also seeks to add two alternative claims for relief: (1) that "no coverage is owed as to any liability on the part of Jacquelin Thomas as Ms. Thomas was not providing services as a child care provider with respect to Defendant Swain's minor child," and (2) that "no coverage is owed as a result of another exclusion contained within the Policy which states that

the Policy does not apply to 'bodily injury […] arising out of […] [t]he violation of any statute, or governmental rule or regulation.'" *Id.*

Defendant Swain urges this Court to deny West Bend's motion to amend the complaint because, even amended, the complaint would not survive her motion to dismiss this case. Resp. Mot. Amend, ECF No. 23. She argues in her motion to dismiss that (1) the complaint fails to adequately allege subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), (2) West Bend failed to join several necessary and indispensable parties under Federal Rule of Civil Procedure 12(b)(7), and (3) this Court should abstain from exercising jurisdiction. Mot. Dismiss 1, ECF No. 11.

A. Subject Matter Jurisdiction

Swain moves to dismiss West Bend's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Id.* She asserts that West Bend has not established diversity jurisdiction. *Id.* Under 28 U.S.C. § 1332(a), this Court has original diversity jurisdiction when the suit is between "citizens of different states" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." Corporations are "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c). But "an unincorporated association, such as a labor union or a partnership, has no separate legal identity so its citizenship, at least for the purposes of diversity jurisdiction, is the citizenship of each of its members." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (citations omitted). The plaintiff has the burden of establishing diversity jurisdiction. *Id.*; *See also* Fed. R. Civ. P. 8(a).

The Court finds that West Bend properly pleads diversity of citizenship. West Bend asserts that it "is a Wisconsin insurance company whose principal place of business is located at 1900 South 18th Avenue, West Bend, Wisconsin, 53095, which is authorized to transact, and does transact, business within the Commonwealth of Kentucky. For jurisdictional purposes, West Bend is a citizen of the State of Wisconsin." Prop. Am. Compl. ¶ 1, ECF No. 22-4. West Bend also asserts the addresses of all Defendants, and asserts that none of them are residents of Wisconsin. *Id.* ¶¶ 3–10.

Swain argues that the complaint must be dismissed because "West Bend did not identify its corporate status or support its claimed citizenship." Mem. Supp. Mot. Dismiss 3, ECF No. 11-4. Similarly, she argues that West Bend's motion to file an amended complaint must be denied because "West Bend has failed to provide any admissible evidence to support its counsel's assertion that [it] is a corporation under Wisconsin law." Resp. Mot. Amend 3, ECF No. 23.

Swain asserts that, in determining whether a company is incorporated, the Court should look at how the state in which it resides treats it. Mem. Supp. Mot. Dismiss 3, ECF No. 11-4. She is correct in that whether an entity is incorporated for purposes of diversity is determined by the law of the state in which the entity resides. *See Brocki v. Am. Express Co.*, 279 F.2d 785, 786 (6th Cir. 1960). Swain argues that Wisconsin does not consider West Bend to be a corporation because when she searched for "West Bend Mutual Insurance Company" in Wisconsin's corporate records, the results turned up no such corporation. *Id.* West Bend responds that in Wisconsin, mutual insurance companies are treated as corporations. Resp. Opp. Mot. Dismiss 3, ECF No. 14 (citing W.S.A. §§ 611.01, 611.12). West Bend points out that, under Wisconsin law, a mutual insurance company is required to register with the commissioner of insurance of Wisconsin. *Id.* (citing W.S.A. §§ 611.01, 611.12). In its response to Defendant Swain's motion

to dismiss, West Bend attached a document entitled "Company Demographics" from the National Association of Insurance Commissioners. Ex. 1, ECF No. 14-1. This document states that West Bend's "State of Incorporation" is Wisconsin. *Id.* Therefore, under Wisconsin law, West Bend is a corporation for purposes of diversity jurisdiction.

West Bend also properly pleads the amount in controversy requirement. West Bend asserts that it issued a policy to K&Q, Inc. that "limits businessowners-liability claims to $1,000,000 per occurrence and $2,000,000 in aggregate." Prop. Am. Comp. ¶ 11, ECF No. 22-4. Thus, West Bend asserts that the amount in controversy exceeds $75,000 because "it includes the $1,000,000 per-occurrence coverage limits of the Policy and any costs of defending Swain's suit." *Id.* ¶ 13. Therefore, this Court has subject matter jurisdiction based on diversity of citizenship.

### B. Necessary and Indispensable Parties

In her motion to dismiss, Swain argues that West Bend's complaint should be dismissed because it has failed to join the Estate of LS and Jacquelin O. Thomas. Mem. Supp. Mot. Dismiss 4, ECF No. 11-4. Federal Rule of Civil Procedure 12(b)(7) allows a party to move to dismiss for "failure to join a party under Rule 19." Federal Rule of Civil Procedure 19(a) provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In West Bend's motion to file its first amended complaint, it seeks to add both the Estate of LS and Thomas as defendants. Mot. Amend 3, ECF No. 22. Thus, the Court need not analyze whether the Estate of LS and Thomas are required parties under Rule 19. Therefore, West Bend's proposed amended complaint would cure any necessary party deficiencies that exist.

### C. Abstention

In her motion to dismiss, Swain argues that this Court should abstain from exercising jurisdiction over West Bend's complaint for declaratory judgment. Mem. Supp. Mot. Dismiss 5, ECF No. 11-4. This Court finds that its analysis in *United Specialty Insurance Co. v. Seidenfaden's LLC*, No. 3:16-CV-00190-CRS-CHL, 2016 WL 6078307, at *3–6 (W.D. Ky. Oct. 14, 2016), directs the result of the current matter. In *United Specialty*, a man apparently driving under the influence of alcohol struck another vehicle, injuring the occupants. *Id.* at *1. The occupants brought suit in state court against Seidenfaden's, an establishment serving alcohol, alleging that it had overserved the man. *Id.* Seidenfaden's insurer, United Specialty Insurance Company, brought a declaratory action suit in this Court. *Id.* This Court found abstention appropriate in that insurance dispute case. *Id.* at *6. For similar reasons, the Court finds abstention appropriate in this case.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides that a federal court may "declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought." In 1942, the Supreme Court held that a district court may decline to exercise jurisdiction over a case brought under the Declaratory Judgment Act. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494–95 (1942). The *Brillhart* Court noted that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same

issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id*. at 495.

The Supreme Court has repeatedly emphasized that a federal court may decline jurisdiction over a declaratory action that is otherwise properly before it. For example, in *Public Affairs Press v. Rickover*, the Court explained, "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." 369 U.S. 111, 112 (1962). In *Green v. Mansour*, the Court stated that the statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." 474 U.S. 64, 72 (1985) (citing *Public Service Comm'n. v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). More recently, in *Wilton v. Seven Falls Co.*, the Court again held that district courts may abstain from deciding claims for federal declaratory relief, particularly when the same issues are pending in a state court. 515 U.S. 277, 283–86 (1995).

Courts in the Sixth Circuit look to five factors when determining whether to abstain from deciding claims for declaratory relief under the *Brillhart*/*Wilton* abstention doctrine:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (citing 6A Moore's Federal Practice para. 57.08[2]–[7] (1983)). Applying these five factors to this case, the Court finds that abstention under the *Brillhart*/*Wilton* doctrine is appropriate.

1.  Settlement of the Controversy

There are two lines of precedent involving the application of the first *Grand Trunk West Railroad Co.* factor in the context of an insurance company's declaratory judgment action to determine its policy coverage. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). "One set of cases has concluded that a declaratory relief action can settle the insurance coverage controversy not being addressed in state court, even though it will not help resolve the underlying state court action." *Id.* (citing *W. Am. Ins. Co. v. Prewitt*, 208 F. App'x 393, 396 (6th Cir. 2006)). "A different group of cases, however, has found that, while such declaratory actions might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy between the parties which is ongoing in state court." *Id.* (citing *Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007)).

The *Flowers* court explained that the divergence between the lines of cases could be a result of different factual circumstances. *Id.* The court indicated that in the cases in which the district courts declined to exercise jurisdiction under this factor, the insurance coverage controversies rested on fact-based questions of state law, and there was a risk of overlapping factual findings with state courts. *See id.* at 555–56 (citing *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 813 (6th Cir. 2004)). Additionally, the plaintiffs in the state court cases were not involved in the federal declaratory actions, which would prevent any judgments in the federal courts from being res judicata in the state courts. *Id.* (citing *Bituminous Cas. Corp.*, 373 F.3d at 814). In contrast, in cases in which the district courts retained jurisdiction under this factor, the plaintiffs in the federal declaratory actions were not a party in the state court cases, and the insurance coverage issue was not before the state courts. *See id.* at 556 (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 449, 454 (6th Cir. 2003)).

*Allstate Ins. Co. v. Mercier* provides one example of when a declaratory judgment action would not resolve the controversy between the parties. 913 F.2d 273 (6th Cir. 1990). In that case, the plaintiff filed a complaint against two individual defendants in a Michigan state court. *Id*. at 275. The plaintiff alleged that the defendants had wrongfully provided alcohol to a minor, which led to a fatal automobile crash. *Id*. The defendants' insurer, Allstate Insurance Co., filed a federal declaratory action, alleging that the defendants' insurance policy excluded coverage for the plaintiff's claims pending in state court. *Id*. The Sixth Circuit noted that the record before it was "virtually devoid of facts about the underlying tort action." *Id*. at 278. For instance, the court could not ascertain "where or when" the defendants had wrongfully provided alcohol to the minor. *Id*. These facts would necessarily be developed at trial and would "have a direct bearing on the determination of whether the insuring clause of the . . . policies, or the exclusions, control Allstate's obligations." *Id*. The appellate court determined that the declaratory judgment would not settle the ongoing controversy because "the policy exclusions [could] only be applied only in the light of factual determinations that ha[d] not been made." *Id*. at 279.

Swain argues that because the insurance dispute is pending before both this Court and the Jefferson Circuit Court, there is a significant risk of overlapping factual findings. Mem. Supp. Mot. Dismiss 11–12, ECF No. 11-4. West Bend responds that the state court declaratory action is unlikely to survive dismissal, so there would be no direct factual overlap. Resp. Opp. Mot. Dismiss 8, ECF No. 14. Since West Bend filed its response, the Jefferson Circuit Court has denied its motion to dismiss the state declaratory judgment action. St. Ct. Order 1, ECF No. 28-1. Thus, there is a declaratory judgment action pending in the state court.

Moreover, like in *Mercier*, the facts that will be developed in the underlying state case— such as whether the transportation of LS was completed or whether LS's death was caused by

negligence on the part of K&Q, Inc.—will affect the determination of whether the policy exclusion at issue controls West Bend's obligations to indemnify K&Q, Inc. As such, the declaratory judgment will not settle the ongoing controversy. Therefore, this factor weighs in favor of this Court abstaining from deciding West Bend's claim for declaratory relief.

### 2. Clarification of Legal Relations at Issue

The first and second *Grand Trunk West Railroad Co.* factors are generally analyzed together because "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Flowers*, 513 F.3d at 557. The second factor, however, concerns whether the federal declaratory judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Id*.

In this case, a federal declaratory judgment would not clarify the legal relationship between West Bend and the other parties. The insurance dispute is pending in both the state and federal courts, and West Bend's obligations depend on facts that will be developed in the state court. Additionally, the state court action involves all claims, including the insurance dispute, and all parties, whereas the federal declaratory action does not. West Bend's insurance obligations thus would not be wholly resolved by a ruling from this Court. Accordingly, this factor favors declining jurisdiction.

### 3. Race for Res Judicata

The third *Grand Trunk West Railroad Co.* factor is intended to prevent declaratory plaintiffs from filing suit in federal court for the sole purpose of acquiring a favorable forum. *Flowers*, 513 F.3d at 558. A district court should be reluctant to "impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id*. Swain asserts that West Bend engaged in forum shopping because:

1. At the behest of West Bend, insurance defense counsel in the underlying case advised Defendant Swain that there would be no coverage dispute;
2. In the underlying case, Defendant Swain requested a certified copy of the West Bens [sic] policy it was never received [sic]; however after a motion to compel an un certified [sic] copy of approximately 50 pages was received;
3. Approximately eight days after Defendant Swain received the 50 page policy West Bend filed the action herein and attached a certified 108 page policy;
4. Even though Defendant Swain's counsel was identified on the underlying Complaint West Bend served the action herein on Defendant Swain directly – she is a 19 year old that just lost her son; and
5. West Bend was aware that Defendant K&Q would not likely respond to the Complaint in the matter herein as the principle of K&Q, Ms. Thomas, had refused to even answer the civil wrongful death Complaint on the advice of her criminal defense counsel.

Reply Supp. Mot. Dismiss 11–12, ECF No. 18; Resp. Opp. Mot. Amend 9, ECF No. 23. While these allegations, if true, might be evidence of bad behavior on the part of West Bend's counsel, this Court fails to see how the allegations are evidence of forum shopping. Because Swain fails to establish the relevance of these allegations, this factor is neutral, neither favoring nor disfavoring the exercise of jurisdiction.

### 4. Friction Between Federal and State Courts

To determine if the exercise of jurisdiction would increase the friction between the federal and state courts, a district court must consider three sub-factors:

(1) whether the underlying factual issues are important to an informed resolution of the case;
(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
(3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp.*, 373 F.3d at 814–15 (formatting altered).

The first sub-factor "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*, 513 F.3d at 560. In this case, as discussed above, the state court's resolution of the

factual issues is necessary for this Court to decide the declaratory judgment action. Thus, this sub-factor supports abstention.

The second sub-factor considers which "court, state or federal, is in a better position to resolve the issues in the declaratory action." *Id*. When state law is controlling, the state courts are better able to resolve the issues. *See Travelers*, 495 F.3d at 272 ("[B]ecause Kentucky law is controlling, we conclude that Kentucky courts are in the better position to apply and interpret its law on these issues."). Here, because the declaratory action would involve interpretation of an insurance policy, an issue of state law, this sub-factor favors the Court's abstaining from hearing the federal declaratory judgment case.

The third sub-factor focuses on whether "the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561. The United States Court of Appeals for the Sixth Circuit explained that "issues of 'insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve.'" *Travelers*, 495 F.3d at 273 (quoting *Bituminous Cas. Corp.*, 373 F.3d at 815).

In this case, to resolve the coverage issue, this Court would need to interpret West Bend's insurance contract with K&Q, Inc. using Kentucky common law. The Kentucky state court is more familiar with interpreting insurance contracts using the state's common law and thus is better suited to resolving the controversy. Therefore, this sub-factor, and the fourth *Grand Trunk West Railroad Co.* factor supports this Court's abstaining from hearing the federal declaratory judgment case.

5. <u>Availability of Alternative Remedy</u>

The final *Grand Trunk West Railroad Co.* factor is whether there is an alternative remedy. The district court's inquiry into whether an alternative remedy exists "must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Flowers*, 513 F.3d at 562. One alternative remedy for a federal declaratory plaintiff is to seek a declaratory judgment in the state court, which is available under Kentucky Revised Statute § 418.040. *Id*. Another remedy would be for the federal declaratory plaintiff to file an indemnity action at the end of the state court case. *Id*.

In this case, the same issues are pending in the federal court and the Jefferson County Circuit Court. There is a similar declaratory action pending in the state court. But the Jefferson County Circuit Court action is more comprehensive: unlike the action pending in this Court, all parties and all issues are before the state court. The Jefferson County Circuit Court is accordingly able to provide a better, more effective remedy for the parties. Thus, this *Grand Trunk West Railroad Co.* factor supports abstaining from hearing the federal declaratory action.

Given that the majority of the *Grand Trunk West Railroad Co.* factors support abstaining in this action, this Court will decline to hear the case under the *Brillhart/Wilton* abstention doctrine.

IV.  <u>Conclusion</u>

The Court will grant Swain's motion to dismiss West Bend's declaratory judgment complaint. The Court will dismiss West Bend's complaint for declaratory judgment without prejudice.[1] Because West Bend's amended complaint does not change the Court's exercise of

---

[1] Although K&Q, Inc. did not move to dismiss the complaint, the Court may dismiss the entirety of the complaint absent a motion by all parties based on the abstention doctrine. *See Fed. Exp. Corp. v. Tennessee Pub. Serv. Comm'n*, 925 F.2d 962, 966 (6th Cir. 1991) (stating "abstention

discretion in abstaining in this action, the Court will deny West Bend's motion for leave to file

its first amended complaint. The Court will enter an order in accordance with this opinion.

April 20, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

may be raised by the court *sua sponte*"); *see also Travelers*, 495 F.3d at 271 (raising the matter
of abstention *sua sponte* because it is a subject-matter jurisdictional issue).